IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY L. LEMLEY, | ) | CASE NO. 8:09CV453 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA - | ) | |
| UNITED STATES AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Filing No. 12). For the reasons discussed below, the Motion will be denied, but the matter will be stayed pending the Secretary of Labor's determination of coverage under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. § 8101 *et seq*.

Because this Court concludes that the Plaintiff's claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.,* cannot proceed unless the Secretary of Labor determines that the claim is not covered under FECA, the Court will not grant any extension of time for the Defendant to submit a reply brief. A reply brief is unnecessary, and any extension of time would delay the ultimate resolution of the Plaintiff's claim.

## FACTS

The Court has considered the parties' briefs (Filing Nos. 13 and 19) and the parties' evidentiary materials (Filing Nos. 14 and 20), and the pending motion will be treated as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

On November 9, 2007, Plaintiff Larry Lemley ("Lemley") was employed as a civilian employee in the maintenance department at Offutt Air Force Base (the "Base"), in

Bellevue, Nebraska. (Affidavit of Larry Lemley ("Lemley Aff."), Filing No. 20-1, ¶ 2.) At approximately 6:00 a.m., he arrived at an entrance to the Base, referred to as the "Bellevue gate." (*Id*. ¶ 4.) He planned to eat breakfast at a Burger King restaurant located on the Base, before beginning work. (*Id*. ¶ 4.) His work shift ran from 7:30 a.m. to 4:15 p.m. (*Id*. ¶ 3.) At the gate, Lemley was stopped by security personnel; he provided identification; and he was admitted through the gate. (*Id*. ¶ 5.) Shortly after he passed through the security checkpoint, an "active vehicle barrier" arose from the cement in front of his vehicle and Lemley had no time to stop before crashing into it. (*Id*. ¶ 7.) As a result of the accident, Lemley sustained injury to his neck and right arm. (*Id*. ¶ 9.) The accident was investigated by military police who arrived on the scene. (*Id*. ¶ 21.) Lemley's supervisor, Cecil Weeks ("Weeks"), also had Lemley complete an accident report. (*Id.* ¶ 18.) As a result of Lemley's injuries, he had to take time off work. (*Id*. ¶ 16.) Weeks told Lemley that he could use sick leave for the time he was away from work, and Lemley was paid while on sick leave. (*Id*. ¶ 20.)

At the time of Lemley's accident, he was driving his personal vehicle; he had not yet reported for duty; he was not engaged in any work-related activity; he was not under the supervision of anyone connected with his employment; he was approximately one mile from the building where he worked; and he was on a road that was accessible to people who were authorized to be on the Base. (*Id.* ¶¶ 6, 8, 10-15.)

At no time did Weeks or anyone else tell Lemley that his injuries were covered under FECA, nor did Weeks or anyone else suggest that Lemley complete any forms related to FECA. (*Id*. ¶ 18,19.) Accordingly, he completed no such forms. (*Id*. ¶ 19.) After

Lemley's accident, Weeks reported the accident to his boss, Mark Jacobsen, the Director of Civil Engineers, and Jacobsen reported the accident to the base commander, Colonel Thomas Goffus.  (Affidavit of Cecil Weeks ("Weeks Aff."), Filing No. 20-2 ¶ 15.)  Neither Jacobsen nor Goffus informed Weeks or Lemley that any FECA forms should be completed.  (*Id.* ¶ 16.)  Weeks did not believe that FECA applied to Lemley's accident.  (*Id.* ¶ 14.)

Lemley brought this action on December 16, 2009, seeking special damages, general damages, and costs, under the FTCA.  (Complaint, Filing No. 1).  Defendant The United States of America[1] moved to dismiss, or in the alternative for summary judgment, asserting that "Plaintiff's exclusive remedy for any alleged injury sustained while in the performance of his duties as a federal civilian employee is the Federal Employees Compensation Act."  (Defendant's Brief, Filing No. 13 at 1-2.)

## STANDARD OF REVIEW[2]

Summary judgment is only proper when the Court, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in the nonmoving party's favor, determines the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)).  "Where the nonmoving party will bear the burden of proof at trial on

---

[1] The Defendant notes that the United States Air Force is not a proper party defendant, and the caption will be corrected accordingly.  *See* 28 U.S.C. § 2679(a).

[2] The Defendant's proposed standard of review for dismissal is outdated. (Defendant's Brief, Filing No. 13, pp. 7-8).  *See Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. __, 129 S.Ct. 1937 (2009).

a dispositive issue, . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine issue of material fact." *Id.* Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that their claim should proceed to trial." *Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party is required to demonstrate a "genuine issue of material fact" that is outcome determinative–"a dispute that might 'affect the outcome of the suit under the governing law.'" *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1030 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985)). Thus, a "genuine issue" is more than "'some metaphysical doubt as to the material facts,'" *Nitro Distrib.,* 565 F.3d at 422 (quoting *Matsushita*, 475 U.S. at 586-87), and "'the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Bloom*, 440 F.3d at 1028-29 (emphasis removed) (quoting *Anderson*, 477 U.S. at 247-48).

In other words, in deciding "a motion for summary judgment, [the] facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute

as to those facts." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"–where there is no "genuine issue for trial"–summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)); *see also Scott v. Harris,* 550 U.S. 372 (2007).

## DISCUSSION

*FECA Statutory Framework*

FECA provides that "[t]he United states shall pay compensation . . . for the disability . . . of an employee resulting from personal injury sustained while in the performance of his duty[.]" 5 U.S.C. § 8102(a).  "The liability of the United States or an instrumentality thereof under this subchapter or any extension thereof with respect to the injury . . . of an employee is exclusive[.]" 5 U.S.C. § 8116(c).  The Secretary of Labor is authorized to administer and decide all questions arising under FECA.  5 U.S.C. §§ 8145 and 8149.  The rules and regulations prescribed by the Secretary of Labor "shall provide for an Employee's Compensation Appeals Board of three individuals designated or appointed by the Secretary with authority to hear and, subject to applicable law and the rules and regulations of the Secretary, make final decisions on appeals taken from determinations and awards with respect to claims of employees."  5 U.S.C. § 8149.  The Secretary of Labor may review an award for or against payment of compensation, and the Secretary's decision as to coverage is not subject to judicial review.  5 U.S.C. § 8128(b).

 "FECA supplants liability that would otherwise exist under the FTCA for on-the-job injuries suffered by government employees."  *Knowles v. United States*, 91 F.3d 1147,

1150 (8th Cir. 1996) (citing *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94, (1983)). Where FECA furnishes an exclusive remedy, a district court lacks subject matter jurisdiction over a plaintiff's claims against the United States under the FTCA. *Pourier v. United States*, 138 F.3d 1267, 1268 (8th Cir. 1998).

*Substantial Question of Coverage*

"Every circuit addressing the issue has held that federal courts lack jurisdiction to decide uncertain questions of FECA coverage. Those questions are left to the Secretary." *Gill v. United States*, 471 F.3d 204, 207-08 (1st Cir. 2006). Resolution of such issues by the Secretary of Labor helps to ensure uniformity in FECA's application.

The Defendant argues that Lemley's action must be dismissed due to this Court's lack of subject matter jurisdiction, or summary judgment granted in the Defendant's favor, because the "premises rule" provides that an employee who is injured while on the employer's premises, going to or from work, is covered under FECA. See, e.g., *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) ("[T]he 'premises rule' . . . provides that an employee's injuries are compensable when sustained on the employer's premises while the employee is going to or from work.") Lemley acknowledges the premises rule, but argues that it does not apply under the facts of this case.

The facts presented by Lemley, which are not contradicted by the Defendant at this juncture, raise a substantial question about whether coverage exists under FECA.[3] In other words, this Court is not certain that the Secretary of Labor would find no coverage

---

[3] Counsel have brought to the Court's attention a variety of cases addressing the premises rule, decided by the Employee's Compensation Appeals Board and by federal courts. No such case demonstrates to any degree of certainty that the Secretary of Labor would find no FECA coverage under the facts of Lemley's case.

under FECA.  While this Court does not adopt the Defendant's conclusion that the premises rule *must* apply under the facts of this case, stripping this Court of subject matter jurisdiction, neither does the Court adopt Lemley's assertion that the premises rule *must not* apply.  At the time of Lemley's accident, he was on his employer's premises and going to work, albeit with an on-premises detour planned.  The road on which the accident occurred was not accessible to the general public, and it is not apparent from the record what restrictions the Defendant may have placed on Lemley's access to the Base and the road, *e.g.,* whether Lemley had access to the Base and the road at all times and for any purpose, or only for the purpose of coming to and from work.

### Stay or Dismissal

Although there appears to be no case directly on point within the Eighth Circuit, courts in most circuits have found that FTCA proceedings should be stayed or held in abeyance when there is a substantial question of coverage under FECA – *i.e.*, when the district court is not certain that the Secretary of Labor would find no coverage under FECA. *DiPippa v. United States,* 697 F.2d 14, 16, 20 (3rd Cir. 1982) (Where a substantial question of coverage exists, federal courts must stay the claim pending a determination of coverage by the Secretary of Labor, unless the court is certain the Secretary would find no coverage); *Concordia v. United States Postal Service,* 581 F.2d 439, 444 (5th Cir. 1978) (Where there is a substantial question of coverage under FECA, the district court should hold the cause in abeyance pending the Secretary of Labor's determination of FECA coverage); *White v. United States,* 143 F.3d 232, 234 (5th Cir. 1998) (Action stayed pending Secretary of Labor's determination of whether the claim was subject to FECA's exclusive remedy); *McDaniel v. United States,* 970 F.3d 194, 198 (6th Cir. 1992) (When

there is a substantial question of FECA coverage, a stay of all proceedings is appropriate pending a final decision by the Secretary of Labor); *Reep v. United States*, 557 F.2d 204, 208 (9th Cir.1977) ("If there is a substantial question as to FECA coverage, the district court will generally stay the FTCA action pending a determination by the Secretary of Labor."); *Tippetts v. United States,* 308 F.3d 1091, 1094 (10th Cir. 2002) (Reversing district court's dismissal, and remanding with instructions to reinstate action and hold it in abeyance, pending a determination of FECA coverage by the Secretary of Labor).

It is recognized that the Court of Appeals for the First Circuit has opted for dismissal of such cases[4], rather than staying proceedings pending determination of coverage by the Secretary of Labor, but this Court finds the rationale of the other Circuit Courts persuasive. For example, it would be inequitable to dismiss an action pending a determination of coverage under FECA, and place a plaintiff in jeopardy of having a statute of limitations run on claims that would otherwise be viable if the Secretary of Labor later determines that the claim is not covered under FECA.

Accordingly,

IT IS ORDERED:

1. The Defendant United States of America's Motion to Dismiss, or in the Alternative for Summary Judgment (Filing No. 12), is denied;

2. This action is stayed pending a determination by the Secretary of Labor of coverage under the Federal Employees Compensation Act;

---

[4] *Bruni v. United States*, 964 F.2d 76, 80 (1st Cir. 2004); *Gill v. United States*, 471 F.3d 204, 209 (1st Cir. 2006).

3. The Clerk will amend the caption to remove any reference to "United States Air Force";

4. The parties will submit a joint progress report to the Court on or before September 1, 2010, advising the Court of the status of the proceedings before the Secretary of Labor; and

5. Defendant United States of America's Motion to Extend Time to Reply to Plaintiff's Brief (Filing No. 21) is denied as moot.

.   .

DATED this 11th day of May, 2010.

                              BY THE COURT:

                              s/Laurie Smith Camp
                              United States District Judge